UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 94-80419
                                              Honorable Patrick J. Duggan

DARRELL CHAMBERS,

    Defendant.
_____/

**OPINION AND ORDER**
**DENYING DEFENDANT'S SUCCESSIVE MOTION TO VACATE, SET ASIDE**
**OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on January 23, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

    Petitioner Darrell Chambers is a federal prisoner currently incarcerated at the Federal Correctional Institution in Florence, Colorado. On January 12, 2006, he filed a successive motion challenging his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's motion shall be denied.

    On January 26, 1995, following a jury trial, Petitioner was convicted of continuing criminal enterprise, conspiracy to distribute cocaine, attempted possession with intent to distribute cocaine, money laundering, false statements to an institution insured by the Federal Deposit Insurance Corporation, and firearm offenses. In June 1995, Petitioner filed a motion

for a judgment of acquittal or for a new trial. This Court denied Petitioner's motion and on August 25, 1995, the Court sentenced Petitioner to a term of life imprisonment under the federal sentencing guidelines. The Sixth Circuit affirmed Petitioner's convictions and life sentence on appeal. *United States v. Chambers*, No. 95-1995, 1997 WL 441801 (6th Cir. Aug. 5, 1997).

Petitioner filed three additional motions for a new trial on the grounds of newly discovered evidence. This Court denied these motions in an Order dated February 12, 1998 and Petitioner appealed.

On August 4, 1998, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, raising ineffective assistance of counsel claims and a claim that his Fifth Amendment rights were violated. On December 14, 1998, this Court dismissed Petitioner's § 2255 petition without prejudice because the Petitioner's direct appeal from the denial of a post-conviction motion for a new trial was pending before the Sixth Circuit. On June 11, 1999, the Sixth Circuit affirmed the denial of Petitioner's motion for a new trial. *United States v. Chambers*, No. 98-1211, 1999 WL 507039 (6th Cir. June 11, 1999).

On August 4, 2000, Petitioner filed a motion to reinstate his prior § 2255 petition, arguing that he was entitled to equitable tolling of the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. On December 1, 2000, this Court denied Petitioner's motion to reinstate because Petitioner failed to assert any justification for the fourteen-month delay, but granted Petitioner a certificate of appealability. The Sixth Circuit affirmed the denial of Petitioner's motion for reinstatement. *Chambers v. United States*, No. 01-1091, 2002 WL 169613 (6th Cir. Jan. 31, 2002), *cert. denied*, 122 S. Ct. 2374

(June 10, 2002).

Petitioner then sought a writ of mandamus form the Sixth Circuit directing this Court to reinstate Petitioner's 1998 motion to vacate sentence under 28 U.S.C. § 2255. The Sixth Circuit dismissed Petitioner's writ of mandamus, finding that Petitioner should not be allowed "a second bite of the appellate apple by means of a petition for a writ of mandamus" where he had already been afforded full appellate review of the district court's denial of his motion for reinstatement. *Chambers v. United States*, No. 02-1866 (6th Cir. Sep. 16, 2002).

Petitioner filed a motion seeking permission to file a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. The Sixth Circuit denied Petitioner's motion, concluding that Petitioner's claims were not based on newly discovered evidence, and that the motion did not involve a previously unavailable rule of constitutional law that the Supreme Court had made retroactive to cases on collateral review. *In re Chambers*, No. 03-1477 (6th Cir. Dec. 12, 2003). On October 4, 2004, the U.S. Supreme Court denied the petition for a writ of certiorari as to Petitioner's petition to file a successive § 2255 motion.

On January 12, 2006, Petitioner filed this successive motion challenging his sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that his sentence is unconstitutional in light of the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004) and *United States v. Booker*, ___ U.S. ___; 125 S. Ct. 738 (2005), because the drug quantities used in sentencing and the finding that Petitioner was on probation when he committed the crimes, were not determined by the jury.

Under 28 U.S.C. § 2255, a petitioner cannot file a second or successive § 2255 petition in the district court unless the petitioner first obtains permission to do so from the court of

3

appeals pursuant to the certification procedures set out in 28 U.S.C. § 2244. As noted above, Petitioner sought and was denied a motion seeking permission to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255. Therefore, the Court will not consider Petitioner's motion for relief under 28 U.S.C. § 2255.

Accordingly,

**IT IS ORDERED** that Defendant's Successive Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Ronnie E. Cromer, Jr., Esq.
Mark C. Jones, AUSA