UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        Case No. 94-80419-1

DARRELL CHAMBERS,                         Honorable Patrick J. Duggan

    Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING</u>**

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan, on October 7, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On January 26, 1995, Darrell Chambers ("Defendant"), following a jury trial, was found guilty of the following crimes: (1) Continuing Criminal Enterprise in violation 21 U.S.C. § 848; (2) Conspiracy to Distribute Cocaine in violation of 21 U.S.C. § 846; (3) False Statements to Institutions with Deposits Insured by the Federal Deposit Insurance Corporation ("FDIC") in violation of 18 U.S.C. § 1014; (4) Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956; (5) Attempted Possession and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1); (6) False Statement in Connection with the Acquisition of a Firearm in violation of 18 U.S.C. § 922(a)(6); and (7) Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). Defendant was sentenced to a term of life imprisonment on the Continuing Criminal

Enterprise count as well as lesser sentences on the various other counts of conviction. Presently before the Court is Defendant's Motion for Resentencing, which seeks relief on the following three grounds: (1) the alleged error in the scoring of the guidelines; (2) the retroactive application of Guideline Amendment 599; and (3) the retroactive application of *United States v. Booker*, 543 U.S. 220 (2005). For the reasons explained below, Defendant's motion must be denied.

With respect to Defendant's claim that the Court erred in its guideline calculation and Defendant's claim of alleged errors by the Court as set forth in Defendant's Reply to the government's Response to Defendant's Motion for Resentencing filed on October 6, 2008, Defendant is not entitled to the relief he seeks. Pursuant to 18 U.S.C. § 3582, all sentences imposed are final (with some limited exceptions not applicable here) subject to appeal and/or a collateral attack, e.g., by way of a motion filed pursuant to 28 U.S.C. § 2255.[1] Defendant has not cited, nor is the Court aware of, any authority which would allow the Court, at this late date, to change a sentence which has been imposed. Consequently, Defendant's first ground for relief is without merit.

Defendant's claim that he is entitled relief because of the retroactive application of the Amendment 599 to the United States Sentencing Guidelines is likewise without merit. Amendment 599 relates to defendants who were sentenced for a violation of 18 U.S.C. § 924(c), and was given retroactive effect through § 1B1.10 of the Sentencing Guidelines.

---

[1]Defendant has previously filed a motion pursuant to 28 U.S.C. § 2255, which was denied on December 14, 1998.

Defendant, however, was not convicted of a crime under 18 U.S.C. § 924(c). Rather, as Defendant acknowledges in his motion, he was convicted of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Consequently, Amendment 599 does not have any effect on Defendant's sentence.

Finally, as to Defendant's claim that he is entitled to be re-sentenced because of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 1225 S. Ct. 738 (2005), the United States Court of Appeals for the Sixth Circuit has held that the *Booker* decision does not apply retroactively to sentences that were final before it was decided. *Humphress v. United States*, 398 F.3rd 855, 860-63 (6th Cir. 2005). Therefore, Defendant's third ground for relief is also unavailing.

For the reasons set forth above, Defendant's Motion for Resentencing pursuant to 18 U.S.C. §3553(a) is **DENIED**.

**IT IS SO ORDERED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Anthony T. Chambers, Esq.
Daniel R. Hurley, AUSA