UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                                    Case No. 94-80419-1
                                                   Honorable Patrick J. Duggan

DARRELL CHAMBERS,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR WRIT OF ERROR AUDITA QUERELA**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 8, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Presently before the Court is Defendant Darrell Chambers' attempt to evade the prohibition against second or successive motions attacking his sentence set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255(h). For the reasons set forth below, Defendant's most recent attempt fails and the Court restricts him from filing future miscellaneous motions and/or actions in this District challenging his conviction and/or the imposition of his sentence in this case.

Following a jury trial before this Court in January 1995, Defendant Darrell Chambers ("Defendant") was convicted of conducting a continuing criminal enterprise and related offenses. In June 1995, Defendant filed a motion for new trial, which this

Court denied. The Court sentenced Defendant to life imprisonment on August 25, 1995. The Sixth Circuit upheld his conviction and sentence on appeal. *United States v. Chambers*, No. 95-1995, 1997 WL 441801 (6th Cir. Aug. 5, 1997) (unpublished opinion).

Defendant thereafter filed three additional motions for a new trial on the grounds of newly discovered evidence. This Court denied the motions on February 12, 1998. Petitioner appealed.

On August 4, 1998, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. This Court dismissed the motion without prejudice due to the pendency of his appeal with respect to the denial of his new trial motions. On June 11, 1999, the Sixth Circuit affirmed the denial of Chamber's motions for new trial. *United States v. Chambers*, No. 98-1211, 1999 WL 507039 (6th Cir. June 11, 1999) (unpublished opinion).

On August 4, 2000, Defendant filed a motion to reinstate his prior § 2255 petition. The Court denied his motion, concluding that the motion was barred by the one-year limitations period in the AEDPA and that Defendant was not entitled to equitable tolling. The Sixth Circuit affirmed. *Chambers v. United States*, No. 01-1091, 2002 WL 169613 (6th Cir. Jan. 31, 2002) (unpublished opinion), *cert. denied*, 536 U.S. 912, 122 S. Ct. 2374 (2002).

Defendant then sought a writ of mandamus from the Sixth Circuit, directing this Court to reinstate his 1998 motion pursuant to § 2255. The appellate court dismissed the writ of mandamus on September 16, 2002, specifically indicating that Petitioner should

not be allowed "a second bite of the appellate apple by means of a petition for a writ of mandamus" where he already "has been afforded full appellate review of the district court's denial of his motion for reinstatement." *Chambers v. United States*, No. 02-1866 (6th Cir. Sept. 16, 2002) (unpublished opinion). Undeterred, Defendant filed a motion in the Sixth Circuit seeking permission to file a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. The Sixth Circuit denied Defendant's request on December 12, 2003. *In re Chambers*, No. 03-1477 (6th Cir. Dec. 12, 2003) (unpublished opinion). The Supreme Court denied Defendant's petition for a writ of certiorari. *Chambers v. United States*, 543 U.S. 845, 125 S. Ct. 288 (2004).

Defendant filed yet another motion pursuant to § 2255 on January 12, 2006, challenging the constitutionality of his sentence in light of the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). This Court denied the motion on January 23, 2006, based on Defendant's failure to first obtain the Sixth Circuit's authorization to file his motion.

In a motion for resentencing filed April 3, 2008, Defendant raised the same challenge to his sentence, in addition to his claims that the Court erred in scoring his guidelines and unlawfully applied United States Sentencing Guideline Amendment 599 retroactively. Finding no merit to Defendant's claims, the Court denied the motion on October 7, 2008.

Obviously attempting to evade the AEDPA's procedural rules for second or

3

successive motions, on March 18, 2010, Defendant filed a pleading entitled "This is Not a Motion Pursuant to Title 28 U.S.C. § 2255." In his pleading, Defendant seeks a writ of error audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651. Defendant filed a supplement to his motion on April 2, 2010. In his pleadings, Defendant continues to challenge his sentence in light of the Supreme Court's decisions in *Blakely* and *Booker*, as well as *Jones v. United States*, 526 U.S. 227, 230, 119 S. Ct. 1215 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). The government filed a response to the motion on April 20, 2010, to which Defendant has filed a reply.

The primary remedy for a federal prisoner who is protesting the legality of his conviction and sentence is to file a motion to vacate sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As another judge in this District found, "the Sixth Circuit and its sister circuits have held that a criminal defendant cannot invoke the writ of *audita querela* or other such common law writs to pursue a claim . . . that would be cognizable in a motion under 28 U.S.C. § 2255, but for the impediments raised by this statute itself." *United States v. Kirksey*, No. 00-80654, 2009 WL 1470219, at *1 (E.D. Mich. May 26, 2009) (unpublished opinion) (citing cases) [Attached as Exhibit 1]. The Seventh Circuit has advised:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning . . . Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, audita querela, certiorari, capias, habeas corpus, ejectment,

4

> quare impedit, bill of review, writ of error, or an application
> for a Get-Out-of-Jail Card; the name makes no difference. It
> is substance that controls.

*Melton v. United States*, 359 F.3d 855 (7th Cir. 2004) (emphasis in original).

Defendant is attacking his sentence based on a claim within the scope of § 2255. Thus a motion pursuant to § 2255 is the only avenue by which he can pursue his claims, even if he is now procedurally barred from pursuing relief pursuant to that section under the AEDPA's rules. Ordinarily, this Court must transfer a § 2255 motion construed as a second or successive motion to the Sixth Circuit Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). However Defendant already sought and the Sixth Circuit denied his request to file a second or successive § 2255 motion, specifically finding that his claims were not based on newly discovered evidence or a previously unavailable rule of constitutional law that the Supreme Court made retroactive to cases on collateral review. *See supra*. Moreover, Defendant expressly indicates that he does not want the Court to treat his motion as one filed pursuant to § 2255. Thus the Court simply will deny the motion, concluding that the writ of audita querela does not afford Defendant the relief he seeks.

The Court wants to be clear, however, that Defendant cannot avoid the AEDPA's procedural requirements by continuing to file motions using inventive captioning. In fact, in light of Defendant's numerous previous motions attempting to attack his sentence, the Court specifically instructs that Defendant must seek authorization from the Sixth Circuit Court of Appeals before filing *any* further motions in this Court seeking to attack his

conviction and/or the imposition of his sentence. *See* 28 U.S.C. §§ 2244(b)(3)(A); 2255(h). Absent such authorization, this Court will not consider any further motions filed by Defendant, regardless of what label he uses to identify the motion.

Accordingly,

**IT IS ORDERED**, that Defendant's request for a writ of error audita querela is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant shall file no further motions in this Court challenging his conviction and/or the imposition of his sentence in this action absent authorization from the Sixth Circuit Court of Appeals.[1] The Clerk shall accept no further motions for filing from Defendant in which he challenges his conviction and/or the imposition of his sentence in this action– regardless of whether the motion is filed in this case or another case– and shall return any motions that it receives. This includes any motions transferred from another district court.

**IT IS FURTHER ORDERED**, that if Defendant submits documents not in compliance with this order, the Court may impose sanctions pursuant to its authority to curb bad faith litigation. *See Halliburton v. United States*, 59 Fed. App'x 55, 57 (6th Cir.

---

[1] This order does not preclude Defendant from challenging the *execution of* his sentence. It also does not preclude Defendant from filing a motion for a modification of his sentence pursuant to 18 U.S.C. § 3582, provided the motion is based on the express, limited authority set forth in the statute as to when modifications are permissible (e.g. enactment of a statute authorizing the Court to reduce Defendant's sentence or the Sentencing Commission's retroactive lowering of the sentencing range under which Defendant was sentenced).

2003) (unpublished opinion) (affirming district court's imposition of monetary sanction against defendant who repeatedly attempted to evade the AEDPA's rules).

              s/PATRICK J. DUGGAN
              UNITED STATES DISTRICT JUDGE

Copies to:
Darrell Chambers, Reg. #17301-039
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

AUSA Robert W. Haviland

Slip Copy, 2009 WL 1470219 (E.D.Mich.)
(Cite as: 2009 WL 1470219 (E.D.Mich.))

H Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
UNITED STATES of America, Plaintiff/Respondent,
v.
Anthony KIRKSEY, Defendant/Petitioner.
**No. 00-CR-80654.**

May 26, 2009.

Eric M. Straus, U.S. Attorneys, Detroit, MI, for Plaintiff/Respondent.

David W. Wright, Bloomfield Hills, MI, for Defendant/Petitioner.

*OPINION AND ORDER DENYING DEFENDANT'S PETITION FOR A WRIT OF AUDITA QUERELA*

GERALD E. ROSEN, Chief Judge.

**\*1** Defendant Anthony Kirksey was tried and convicted in this Court on a one-count indictment for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).FN1 He was subsequently sentenced on December 6, 2002 to 137 months imprisonment, to be followed by eight years of supervised release. After abandoning his direct appeal,FN2 on May 26, 2004, Kirksey filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence. On March 13, 2007, this Court entered an Opinion and Order denying Kirksey's motion. Kirksey thereafter filed a Motion to Amend or Alter Judgment which the Court also denied on May 16, 2007.

> FN1. The charges against Kirksey arose out of a search-incident-to-an-arrest of an automobile in which Defendant was a passenger on October 5, 1999. Kirksey was arrested on that date while inside the car for violation of supervised release. Approximately 2 kilograms of cocaine were found by the arresting officer in a duffel bag inside the vehicle.

> FN2. Although Kirksey's court-appointed lawyer had filed a timely Notice of Appeal following Kirksey's sentencing thereby preserving Kirksey's appeal rights, Kirksey objected to his attorney's representation. He filed a Motion to Strike the appeal brief filed by his lawyer, and then, requested and was granted leave to file his own appeal brief. However, shortly thereafter, Kirksey, acting *pro se,* filed a motion for voluntary dismissal of his appeal, which the Court of Appeals granted.

Then on July 16, 2007, Kirksey filed a second § 2255 motion.FN3 In accordance with ¶ 8 of 28 U.S.C. § 2255, the Court transferred the case to

Slip Copy, 2009 WL 1470219 (E.D.Mich.)
(Cite as: 2009 WL 1470219 (E.D.Mich.))

the Sixth Circuit for its determination whether to authorize a second or successive petition. The Sixth Circuit dismissed the matter on February 27, 2008.[FN4]

> FN3. Actually, the July 16, 2007 motion was the third § 2255 motion filed by Kirksey. Kirksey filed his first § 2255 motion after his trial but before the Court entered its Judgment and Conviction Order. The Court dismissed that first motion as premature with no ruling on the merits.

> FN4. The Sixth Circuit dismissed Kirksey's motion for want of prosecution when Kirksey failed to correct his motion after being ordered by the court to do so. *See In re Kirksey,* Sixth Cir. No. 07-1987.

Kirksey also filed a Fed.R.Civ.P. 60(b) Motion for Relief from Judgment on October 9, 2007, which the Court also construed as a "second or successive" § 2255 motion and, accordingly, transferred that motion to the Sixth Circuit for certification, as well. *See* January 24, 2008 Order [Dkt. # 183]. The Sixth Circuit also dismissed that matter when Kirksey failed to timely cure defects noted by the Circuit Court Clerk in his motion. *See In re Anthony Emanuel Kirksey,* Sixth Cir. No. 08-1276 (4/11/08 Order).

Then, on October 9, 2008, Kirksey filed a Petition for a Writ of Audita Querela, which this Court construed as another § 2255 motion, and, on October 23, 2008, transferred the case to the Sixth Circuit Court of Appeals for its determination of whether to authorize such a second or successive motion. Kirksey thereafter filed a pleading in the Sixth Circuit objecting to this Court's construction of his petition as a second or successive § 2255 motion, but then, apparently ultimately abandoned his argument as he subsequently filed a motion for voluntary dismissal pursuant to Fed. R.App. P. 42(b). The Court of Appeals granted that motion and the matter was dismissed on March 18, 2009. *See In re Anthony Emanuel Kirksey,* Sixth Cir. No. 08-2383 (3/18/09 Order).

Kirksey now once again has returned to this Court and, on May 12, 2009, filed another "Petition for a Writ of Audita Querela." As in his October 9, 2008 filing, in this Petition, Kirksey once again attempts to collaterally attack his sentence raising a challenge under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Kirksey vigorously argues that the instant Petition is not a motion brought pursuant to 28 U.S.C. § 2255 and, therefore, should not be construed as a second or successive § 2255 motion.

Under circumstances indistinguishable from those presented here, the Sixth Circuit and its sister circuits have held that a criminal defendant cannot invoke the writ of *audita querela* or other such common law writs to pursue a claim-including the *Booker*-based claim that Petitioner asserts here-that would be cognizable in a motion under 28 U.S.C. § 2255, but for the impediments raised by this statute itself. *See Halliburton v. United States,* No. 02-5670, 59 F. App'x 55, 57 (6th Cir. Feb.4, 2003); *see also United States v. Richter,* 510 F.3d 103, 104 (2d Cir.2007); *Carrington v. United States,* 503 F.3d 888, 890 (9th Cir.2007);

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

*United States v. Holt,* 417 F.3d 1172, 1174-75 (11th Cir.2005); *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004); *United States v. Torres,* 282 F.3d 1241, 1245 (10th Cir.2002); *Shelton v. United States,* No. 06-2630, 201 F. App'x 123, 124 (3d Cir. Oct.12, 2006); *United States v. Sims,* No. 90-80492, 2008 WL 4791298, at *1-*2 (E.D.Mich. Oct.28, 2008).[FN5] As the Seventh Circuit has observed:

> FN5. In this case, the statutory impediments raised by § 2255 include Petitioner's prior filing of motions for relief under this statute and his appeal to a decision (*Booker*) that "does not apply retroactively to cases already final on direct review." *Humphress v. United States,* 398 F.3d 855, 857 (6th Cir.2005).

**\*2** Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

> *Melton,* 359 F.3d at 857 (citations omitted). Therefore, the common law writ of audita querela affords Petitioner no relief separate and apart from relief available under § 2255.

Ordinarily, this Court would decline to reach the merits of Kirksey's petition and would instead, transfer the matter to the Court of Appeals for a determination whether to authorize the filing of a successive § 2255 motion that would serve as the proper vehicle for a *Booker* challenge. *See Gonzales v. Crosby,* 545 U.S. 524, 531-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *In re Bowling,* 422 F.3d 434, 439-40 (6th Cir.2005). The Sixth Circuit has expressly held, however, that *"Booker* 's rule does not apply retroactively in collateral proceedings." *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir.) *, cert. denied,* 546 U.S. 855 (2005). Under these circumstances, and in light of Kirksey's previous voluntary dismissals of appeals arising out of this Court's transfer of his variously-styled motions and petitions for the Sixth Circuit's determination of whether they should be allowed to go forward as second or successive § 2255 motions, it would be an unnecessary waste of judicial resources to transfer this matter to the Sixth Circuit, where Petitioner has no prospect of securing the appellate court's authorization to file a successive § 2255 motion rasing a *Booker* challenge to his sentence.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Kirksey's Petition for a Writ of Audita Querela **[Dkt. # 192],** as well as his concurrently-filed Application to Proceed *in Forma Pauperis* **[Dkt. # . 194],** is **DENIED.** Moreover, in light of Petitioner's repeated filings in this case in which he revisits issues already decided by the Court, IT IS FURTHER ORDERED that Petitioner is ENJOINED from filing any further motions in this case without first seeking and obtaining

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

leave of this Court. Such leave shall not be granted unless Petitioner can show (i) that the issues he seeks to presnt have not yet been addressed in the Court's prior rulings, and (ii) that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of the judicial process.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED

E.D.Mich.,2009.
U.S. v. Kirksey
Slip Copy, 2009 WL 1470219 (E.D.Mich.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.