UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1, DARRELL CHAMBERS,

    Defendant.

_____/

Case No. 2:94-cr-80419

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR**
**RETROACTIVE APPLICATION OF SENTENCING GUIDELINES [221]**

    Following a jury trial in January 1995, Defendant Darrell Chambers was convicted of several counts: Count 1, continuing criminal enterprise, in violation of 21 U.S.C. § 848; Count 2, conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; Counts 4 and 6, false statements to institution with deposits insured by the FDIC and aiding and abetting, in violation of 18 U.S.C. §§ 1014, 2; Counts 8 and 9, laundering of monetary instruments and aiding and abetting, in violation of 18 U.S.C. §§ 1956, 2; Count 10, attempted possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2; Count 11, false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6); Count 12, possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Count 13, felon in possession of a firearm, 18 U.S.C. § 922(g). *See* ECF 220, PgID 161–162.

On August 25, 1995, Judge Patrick Duggan[1] sentenced Defendant to life imprisonment on Count 1; thirty years' imprisonment on each of Counts 4 and 6; twenty years' imprisonment on each of Counts 8 and 9; ten years' imprisonment on each of Counts 10, 12, and 13; and five years' imprisonment on each of Count 11. All terms were to run concurrent with each other and to the term imposed on Count 1. *See* ECF 117, PgID 157. Judge Duggan did not sentence Defendant on Count 2. *See id.* at 154–155. Judge Duggan also sentenced Defendant to terms of supervised release to follow the term of imprisonment, all of which were to run concurrently: five years' supervised release on each of Counts 10 and 12, and three years' supervised release on each of Counts 1, 4, 6, 8, 9, 11 and 13. *Id.* at 157–58.

On September 28, 2017, the Government and Defendant stipulated that Defendant was eligible for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and based on Amendments 782 and 788 to the sentencing guidelines for drug offenses.[2] ECF 220. The parties agree that Defendant's sentence on Count 1 may be reduced to a sentence as low as 360 months' imprisonment and that the Court may exercise its discretion to reduce the sentence consistent with 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. *Id.* at 162. The parties also stated that the sentences on the other Counts would remain unchanged and be served concurrently with the sentence on Count 1.

---

[1] On September 18, 2017, the case was reassigned from Judge Duggan to the undersigned.
[2] If Defendant were sentenced today, his guideline range would be 360 months' to life imprisonment.

On September 5, 2018, Defendant filed a motion for retroactive application of sentencing guidelines and urged a reduction of his sentence on Count 1 to 360 months' imprisonment. ECF 221.

18 U.S.C. § 3582(c)(2) permits defendants to file a motion for a reduced sentence if the Sentencing Commission lowered the applicable sentencing range. The Court may grant a reduction in light of the factors in 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements.

The offense level for Count 1 was based in part on Judge Duggan's finding of the drug quantity at issue. Judge Duggan found that Defendant was responsible for at least 150 kilograms of cocaine, which brought Defendant's offense level to 38 before other additions to offense level. *See* ECF 117, PgID 149–51. Amendment 782 reduced offense levels in drug cases by two levels. Under Amendment 782, the base offense level for 150 kilograms of cocaine is 36. And Amendment 788 made Amendment 782 retroactive.

The reduction of Defendant's sentence from life imprisonment to 360 months' imprisonment is warranted by the factors in 18 U.S.C. § 3553(a). A period of imprisonment of 360 months would continue to reflect the severity of the offense, promote respect for the law, and provide just punishment. It adequately protects the public from additional crimes by Defendant and deters others from committing similar crimes. Defendant's personal characteristics also support reduction. First, Defendant is now fifty-seven years old and will be more than sixty years old by the time the 360-month period is completed. Defendant will then be subject to a five-year term of supervised release. Second, Defendant has completed vocational and drug education courses during his imprisonment. ECF 221, PgID 167.

The reduction is also consistent with the Sentencing Commission's policy statements. If Defendant were sentenced today, 360 months' imprisonment would be in the guideline range. *See* U.S. Sentencing Guidelines Manual, § 1B1.10 (U.S. Sentencing Comm'n 2016).

For the above reasons, the Court finds that reducing Defendant's sentence from life imprisonment to 360 months' imprisonment is warranted by the factors set forth in 18 U.S.C. § 3553(a) and is consistent with the Sentencing Commission's applicable policy statement.

**WHEREFORE,** it is hereby **ORDERED** that Defendant's Motion for Retroactive Application of Sentencing Guidelines [221] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 12, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 12, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager