No. 2:94CR80419

| | | |
|---|---|---|
| Chambers | § | U.S. District Court |
| v. | § | Eastern District |
| USA | § | MICHIGAN |

## Motion To Reconsider

To the District Court:

Comes Darrell Chambers, Movant/Defendant in the above-numbered and styled cause, Pursuant to Federal Rules of Civil Procedure Rule 59(e), moving the Court to Reconsider its September 21, 2020, Order denying his Motion for Compassionate Release [Doc. 228] and Motion To Recruit Counsel [Doc. 229].

In support of his Motion to Reconsider, Movant shows the following.

### 1. Background

Chambers Filed the instant Motion For Release under the First Step Acts' Compassionate release provision. 18 U.S.C. § 3582 (c)(1)(A). (Doc. 228). Chambers argued that he is at a higher risk for contracting and developing complications due to COVID-19 because of his age and Medical Conditions.

Chambers, No. 94-80419
Motion to Reconsider Pg. 2

1. Background

(Cont'd) Chambers argued that in addition to the extraordinary and compelling reasons related to medical conditions, "Other Reasons" existed in combination with the medical circumstances.

Specifically, Chambers argued that USP Marion is accepting inmates testing positive for COVID-19 and then placing them into general population. Chambers argued that there have been more 150 cases of COVID-19 at Marion and two (2) deaths. Chambers also argued that USP Marion officials do not "treat" inmates with COVID-19. He argued that only when inmates struggle to breathe are they hospitalized. And he stated under penalty of perjury that despite the narrative advanced on the BOP website, no hand sanitizer has been available for inmates since the public health crisis began (Modified Operations began 13 March 2020).

Chambers argued that the reckless manner in which USP Marion officials are managing the COVID-19 virus amounts to extraordinary and compelling circumstances warranting consideration for Compassionate Release.

Chambers, No. 94-80419
Motion To Reconsider Pg. 3

## 1. Background

This Court Found that Chambers' Motion "did not show that his medical condition is an 'extraordinary and compelling reason' warranting release from custody." (Pg. 3, 21 September 2020 Order Denying Defendant's Motion To Reduce Sentence.)

The Court Found that Compassionate Release is proper "only upon a finding of numerous and severe medical conditions that place [Defendant] at a significantly higher risk for severe illness from Covid-19." Id.

The Court further found that "Hypertension alone is not a 'sufficiently extraordinary or compelling' [reason] such that Compassionate Release is necessary." Id. The Court stated "In Short, Defendant's hypertension alone does not warrant compassionate release." Id., @ Pg. 3.

The Court did not consider any other factors raised by Chambers in combination with his medical condition. It is due to this oversight Chambers brings the instant motion.

## II. Argument

### A. Motion to Reconsider, under 59(e)

The Federal Rules of Civil Procedure do not apply in criminal cases, but courts may review motions to reconsider § 3582 rulings under the same standards set out in Rules 59(e) and 60(b). United States v. Moon, 527 F. App'x 474 (6th Cir. 2013); United States v. Holland, 2016 U.S. Dist. LEXIS 33075, at *1 (E.D. Ky. March 15, 2016) (citing Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982)).

A Motion seeking Reconsideration of a § 3582(c)(2) Motion is subject to the 14-days deadline for filing a Notice of Appeal in a criminal appeal. See Federal Rules of Appellate Procedure (4)(b)(1)(A); United States v. Brown, 817 F.3d 486, 488-89 (6th Cir. 2016).

### B. Under 60(b)

A defendant's Motion for Reconsideration can also be construed

## II. ARGUMENT

### B. Under 60(b)

(cont'd) as a motion under Rule 60(b), which must be made within a "reasonable time". Federal Rules Civil Procedure 60(b). (See also Rule 60(c)(1); and Holland, at *2.)

### C. Extraordinary and Compelling Reasons

Chambers' circumstances present extraordinary and compelling reasons qualifying him for consideration for compassionate release. His medical condition, in combination with prison conditions, can qualify as reasons other than those delineated in the United States Sentencing Guidelines § 1B1.13 cmt. n.1 (A)-(C), and thus warrant granting relief.

#### 1. Hypertension Constitutes a Compelling Reason For a Sentence Modification in Light of COVID-19.

Persons with hypertension are at twice the risk of mortality

### C. Extraordinary and Compelling Reasons

#### 1. Hypertension Constitutes a Compelling Reason For a Sentence Modification in Light of COVID-19.

(cont'd) from COVID-19, compared to those with no hypertension. See Chao Gao, et al., Association of Hypertension and Antihypertensive Treatment with COVID-19 Mortality: A Retrospective Observational Study. 41 European Heart J. 2058 (June 4, 2020) (Finding hypertension was associated with a two-fold increase in the risk of Mortality from COVID-19, compared to no hypertension.).

#### 2. Numerous Courts Have Found Hypertension Constitutes A Compelling Reason For Sentence Modification.

Numerous Courts have found that hypertension constitutes a Compelling Reason For a Sentence Modification in Light of COVID-19. See United States v. Foreman, 2020 U.S. Dist. LEXIS 82330, at *2-4 (D. Conn. May 11, 2020) (Finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension...; and United

## 2. Numerous Courts Have Found Hypertension A Compelling Reason For Sentence Modification.

(Cont'd) States v. Separta, U.S. Dist. LEXIS 64418, at *2 (E.D.N.Y. April 10, 2020) (Same); See also United States v. Lassitster; 2020 United States LEXIS 117933 (D. M.D. July 6, 2020).

## 3. "Other Reasons"

The Statute also calls for Release for "other Reasons" that create Extraordinary and Compelling Reasons For Release in combination with a Petitioner's Medical Reasons. The heightened susceptibility of prison populations to the virus is an additional reason under the Sentencing Commission Guidelines for the Release of Medically Vulnerable Inmates. Miller v. United States, 2020 U.S. Dist. LEXIS 62421, at *3 (E.D. Mich. Apr. 9, 2020)(Citing USSG § 1B1.13 cmt. n.1 (D)).

Additionally, Courts have concluded that Courts can determine whether any Extraordinary and Compelling Reasons

Chambers No. 94-80419
Motion to Reconsider Pg. 8

### 3. "Other Reasons"

(Cont'd) other than those delineated in U.S.S.G. §1B1.13 cmt. n.1 (A)-(C) warrant granting relief. See *United States v. Brown*, 411 F.Supp.3d 446, 448-51 (S.D. Iowa 2019).

### III. Conclusion

Chambers argues that the Court mischaracterized the underlying motion as one to which ONLY "the First Category" of U.S.S.G. 1B1.13 ("(1) Defendant's medical condition") applied.

Chambers respectfully asks the Court to reconsider his Motion under 18 USC §3582(c)(1)(A)(i), applying the Fourth Category "(4) additional reasons "other than, or in combination with" other reasons in the first three categories, as well, and evidence of USP Marion's reckless management of the virus.

Respectfully Requested,

28 September 2020

_____
Darrell Chambers
4500 Prison Road
Marion IL 62959

Chambers, Darrell #17301-039
United States Penitentiary
P O Box 1000
MARION, IL 62959

Legal Mail

Legal Mail

SAINT LOUIS MO
30 SEP 2020 PM

RECEIVED
OCT 07 2020
CLERKS OFFICE
U.S. DISTRICT COURT

Clerk, U.S. District Court
231 W. Lafayette Blvd. Ste 2
Detroit, MI 48226